# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY CARNELL PITTMAN, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 19-1187-JDT-cgc |
| CITY OF JACKSON, ET AL., | ) ) ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 29, 2019, Plaintiff Larry Carnell Pittman, who is incarcerated at the South Central Correctional Facility in Clifton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on August 30, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the City of Jackson, Tennessee; Julian Wiser, Chief of the Jackson Police Department (JPD); Daryl Hubbard, Jackson City Court Clerk; and JPD Sergeant Bobby Henson.

Pittman's complaint concerns his November 28, 2005, arrest for robbing the Lone Star Steakhouse in Jackson at knifepoint earlier on the evening of November 27th. He first alleges he was arrested without a warrant by Defendant Henson and that $4,700 in cash was taken from him without being catalogued or stored in compliance with the Tennessee Rules of Evidence. He contends the money was given to Lone Star because of Henson's "unfounded speculation" that it

was proceeds from the robbery. (ECF No. 1 at PageID 4-5.) Pittman further complains about certain aspects of the investigation, alleging he was arrested without having been identified by any witness to the robbery and that no knife or mask was found on his person. Additionally, he contends no search warrant was issued for his home and that his clothing was not seized as evidence. (*Id.* at PageID 5.)

Pittman alleges that an arrest warrant and/or Affidavit of Complaint was issued shortly after his arrest but that it was not signed by the affiant under oath before a judge, magistrate or clerk and was not properly entered into the court records. (*Id.*; *see also* ECF No. 1-1, Ex. A at PageID 13.) He contends his detention based on the warrant was illegal and violated his right to due process of law. (ECF No. 1 at PageID 4.) Pittman asserts that Defendants Hubbard and Wiser, as representatives of the City of Jackson, failed to properly train Defendant Henson on how to obtain a valid warrant. (*Id.*)

Pittman seeks both declaratory relief and monetary damages. (*Id.* at PageID 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest

an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Pittman filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Pittman's claims are untimely. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Pittman was arrested on November 28, 2005. This case was filed on August 29, 2019, almost fourteen years later.

Specifically regarding Pittman's claim concerning the allegedly defective warrant and/or Affidavit of Complaint, on April 23, 2019, he filed a motion to intervene in *Cox, et al. v. City of Jackson, Tennessee*, No. 1:19-cv-1026-JDB-jay (W.D. Tenn. filed Feb. 11, 2019). *Cox* is a § 1983 case the plaintiffs therein seek to maintain as a class action; however, no class yet has been certified. The amended complaint in *Cox* alleges that certain warrants issued in Jackson City Court were not properly sworn and thus were invalid and violated the plaintiffs' rights under the Fourth Amendment. *See* No. 19-1026, Am. Compl., ECF No. 33 at PageID 148. Pittman seeks to intervene on the ground that the November 2005 warrant and/or Affidavit of Complaint issued in his case suffered from the same defect. *Id.*, ECF No. 23 at PageID 93. The Judge in *Cox* has not ruled on the motion to intervene.

It does not appear to the Court that Pittman's allegations in this case are the same as those raised by the plaintiffs in *Cox*. The copy of the warrant and/or Affidavit of Complaint attached to Pittman's complaint is not signed by anyone, neither by the affiant nor by a judge, clerk or magistrate. (ECF No. 1-1 at PageID 13.) A warrant that is devoid of any signature is a defect that is immediately obvious from the face of the document. If the original warrant was, indeed, unsigned by anyone at all, then Pittman and/or his trial counsel in the criminal matter should have

been aware of the deficiency. In *Cox*, the allegation is not that the warrants were unsigned but that they were not signed under oath. The complaint in that case specifically alleges, "It is impossible to determine from the face of the arrest warrant/Affidavit of Complaint that the Defendant failed to have them sworn to before a magistrate or detached and neutral clerk and a finding of probable cause made." No. 19-1026, Am. Compl., ECF No. 33 at PageID 142.[1] Therefore, to the extent Pittman is alleging the warrant and/or Affidavit of Complaint in his case was completely unsigned, the claim clearly is untimely.

However, to the extent Pittman actually is alleging the same claim raised in *Cox*, that the warrant and/or Affidavit of Complaint was unsworn and the defect was *not* apparent from the face of the document, this Court will dismiss the claim without prejudice and defer to the rulings of the Judge in *Cox*. The viability of any such claim will depend on whether *Cox* is allowed to go forward at all, whether it proceeds as a class action, and on whether he is a member of any class that may be certified.

For the foregoing reasons, the complaint is subject to dismissal in its entirety.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)

---

[1] The allegation that the defect was not obvious from the face of the document is the basis for the *Cox* plaintiffs' assertion that their claims are timely. They assert they did not learn of the deficiency until it was brought to their attention in January 2018. *Id.*; *see also id.*, Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 45 at PageID 251-52.

("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Pittman's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, to the extent Pittman intends to raise a claim identical to that raised in *Cox, et al. v. City of Jackson*, No. 19-1026, that claim only is DISMISSED WITHOUT PREJUDICE. Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Pittman in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Pittman nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir.

1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Pittman is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Pittman, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE